IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

    JAN - 2 2013

CLERK, U.S. DISTRICT COURT
By _____
            Deputy
```

BRADLEY HAROLD ANDREWS,        §
                               §
        Plaintiff,             §
                               §
VS.                            §   NO. 4:12-CV-773-A
                               §
TARRANT COUNTY SHERIFF DEPUTY  §
SGT. GILBERT, ET AL.,          §
                               §
        Defendants.            §

MEMORANDUM OPINION
and
ORDER

Plaintiff, Bradley Harold Andrews, an inmate in the Tarrant
County Jail, filed this suit pro se under 42 U.S.C. § 1983,
naming as defendants Tarrant County Sheriff's Deputy Sgt. Gilbert
("Gilbert"), Sheriff Dee Anderson ("Anderson"), named in his
official capacity, and Tarrant County, Texas ("County").
Consistent with the requirements of 28 U.S.C. § 1915A(a), the
court has reviewed plaintiff's complaint to the end of
determining whether there are grounds for dismissal as
contemplated by § 1915A(b).  Having considered the complaint, its
attachments, and applicable legal authorities, the court
concludes that the complaint should be dismissed in its entirety.

I.

### The Complaint

Plaintiff alleges that Gilbert used excessive force against him by handcuffing him "unjustifiably" and that Gilbert "physically assaulted" him by grabbing plaintiff and forcing him into his cell.  Compl. at 3.  Plaintiff contends that Anderson "knowing[ly] allowed [him] to be assaulted by Sgt. Gilbert by not properly hiring employees."  Id.  And plaintiff contends County "[f]ailed to keep [him] 'reasonably safe' through video camera monitoring."  Id.  On page four of the complaint, under a heading "Statement of Claim," plaintiff describes allegations against another employee of the Tarrant County Sheriff's Department, officer M. Coleman ("Coleman").  Coleman, however, is not named as a defendant in this action.  None of the allegations under the "Statement of Claim" mention Gilbert, and the only allegation against Anderson is that he failed to keep plaintiff "reasonably safe" by failing to control Coleman.

Also attached to the complaint is a copy of an inmate grievance form completed by plaintiff and submitted to jail officials.  The grievance form contends that on an unspecified date at approximately 3:00 a.m. Gilbert went to plaintiff's cell to ask if plaintiff had helped other inmates complete "I-60 forms."  Compl., attach. p. 2.  After plaintiff answered

2

affirmatively, Gilbert woke other inmates and asked if plaintiff
filled out their I-60 forms.  When plaintiff attempted to
"reason" with Gilbert, Gilbert forced plaintiff to go into
his cell.  Id.

II.

Evaluating the Complaint Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials,
plaintiff's complaint is subject to preliminary screening under
28 U.S.C. § 1915A, regardless of whether he is proceeding in
forma pauperis.  See Martin v. Scott, 156 F.3d 578, 579-80 (5th
Cir. 1998).  Section 1915A(b)(1) provides for sua sponte
dismissal if the court finds that the complaint is either
frivolous or fails to state a claim upon which relief may be
granted.  A claim is frivolous if it "lacks an arguable basis in
either fact or law."  Neitzke v. Williams, 490 U.S. 319, 325
(1989).  A complaint fails to state a claim upon which relief can
be granted when, assuming that all the allegations in the
complaint are true even if doubtful in fact, such allegations
fail to raise a right to relief above the speculative level.
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)(internal
quotation marks and citations omitted).

Although pro se complaints and arguments must be liberally
construed, Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994),

3

"[a] plaintiff may not . . . plead merely conclusory allegations to successfully state a section 1983 claim, but must instead set forth specific facts which, if proven, would warrant the relief sought." <u>Arnaud v. Odom</u>, 870 F.2d 304, 307 (5th Cir. 1989). After considering plaintiff's claims as described in the complaint, the court concludes that he has failed to state a claim for relief against any defendant.

III.

<u>Analysis</u>

A.   <u>Excessive Force Claim Against Gilbert</u>

The "core judicial inquiry" in evaluating a claim of excessive force is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." <u>Hudson v. McMillian</u>, 503 U.S. 1, 7 (1992). The Eighth Amendment's prohibition of cruel and unusual punishment necessarily excludes from constitutional recognition <u>de minimis</u> uses of physical force, provided the force used is not of a sort "repugnant to the conscience of mankind." <u>Id.</u> at 10. Not every malevolent touch by a prison guard gives rise to a federal cause of action. <u>Id.</u> at 9. "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights." <u>Id.</u> (internal citation omitted).

4

Although the court is to focus primarily on the nature of the force applied, the Supreme Court has acknowledged that the extent of a prisoner's injury is relevant to determining whether the force at issue violated the Constitution. Wilkins v. Gaddy, --- U.S. ----, 130 S.Ct. 1175, 1178 (2010). "An inmate who complains of a 'push or shove' that causes no discernible injury almost certainly fails to state a valid excessive force claim." Id. (citation omitted).

Plaintiff's claim against Gilbert appears to allege the type of de minimis use of force that fails to state a valid claim of excessive force. Plaintiff alleged that Gilbert used force to cause plaintiff to go into his cell. No allegation is made that Gilbert hit, poked, scratched, beat, or otherwise touched plaintiff in any way, or that any force continued after plaintiff returned to his cell. Gilbert's actions thus do not appear to have been done "maliciously and sadistically to cause harm."

Nor does plaintiff allege that Gilbert caused him any physical harm. No allegation is made, either in the complaint or the attached grievance form, that plaintiff sustained any physical injury whatsoever from Gilbert's actions. Although the court is mindful that serious injury is not required, a complete lack of injury, even of a de minimis nature, fails to support a claim of excessive force. Wilkins, 130 S. Ct. at 1178; Harper v.

Showers, 174 F.3d 716, 719 (5th Cir. 1999).

Plaintiff claims he suffered mental anguish, anxiety, and distress as a result of Gilbert's actions.  However, the Prison Litigation Reform Act requires a physical injury before a prisoner can recover for psychological damages.  42 U.S.C. § 1997e(e).  Because plaintiff has alleged no physical injury, he cannot recover for any mental anguish or emotional distress. Harper, 174 F.3d at 719.

Considering all of the allegations of the complaint, the court finds that the minimal force allegedly used by Gilbert, combined with the lack of any physical injury, fails to allege a use of force of the type sufficient to state a constitutional violation as contemplated by the Supreme Court.  Accordingly, plaintiff's complaint against Gilbert must be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

B.   Claims Against Anderson

The complaint states that Anderson is named in his "official position," Compl. at 1, which the court is considering tantamount to suing Anderson in his "official capacity."  Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165 (1985) (citation omitted).  A suit

against Anderson in his official capacity would be considered a suit against County.  Inasmuch as County is already a named defendant, the court is dismissing plaintiff's claims against Anderson.[1]

C.    Claims Against County

Plaintiff's claims against County must be dismissed because he has failed properly to allege any claims of municipal liability against it.  It is well-settled that local government entities cannot be held liable for the acts of their employees solely on a theory of respondeat superior.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978).  Liability may be imposed against a local government entity under § 1983 only "if the governmental body itself subjects a person to a deprivation of rights or causes a person to be subjected to such deprivation."  Connick v. Thompson, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) (quoting Monell, 436 U.S. at 692) (internal quotation marks omitted).

To hold County liable under § 1983 requires plaintiff to "initially allege that an official policy or custom was a cause

---

[1]The court notes that Anderson would be dismissed even if plaintiff intended to bring claims against Anderson in his individual capacity.  Plaintiff has failed to allege any actions against Anderson to show any personal or supervisory liability.   See Mouille v. City of Live Oak, Tex., 977 F.2d 924, 929 (5th Cir. 1992); Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987).

in fact of the deprivation of rights inflicted." <u>Spiller v. City</u>
<u>of Texas City, Police Dept.</u>, 130 F.3d 162, 167 (5th Cir. 1997)
(internal quotation marks and citation omitted).  "Official
municipal policy includes the decisions of a government's
lawmakers, the acts of its policymaking officials, and practices
so persistent and widespread as to practically have the force of
law." <u>Connick</u>, 131 S. Ct. at 1359.  Liability against local
government defendants pursuant to § 1983 thus requires proof of a
policymaker, an official policy, and a violation of
constitutional rights whose "moving force" is the policy or
custom. <u>Piotrowski v. City of Houston</u>, 237 F.3d 567, 578 (5th
Cir. 2001).

Here, nothing in the complaint alleges that an official
policy or custom was a cause in fact of the deprivation of
rights, nor has plaintiff identified any responsible policymaking
officials.  Stated differently, the complaint fails to allege the
existence of any policymaker or official policy of City or
County, nor does it contain specific facts showing the alleged
policy was the moving force behind any constitutional violation.

Additionally, to state a claim under § 1983 requires
plaintiff to allege a violation of a constitutional right. <u>Bass</u>
<u>v. Parkwood Hosp.</u>, 180 F.3d 234, 241 (5th Cir. 1999).
Plaintiff's only allegation against County is that it failed to

8

keep him safe through video monitoring.  To the extent this claim can be construed to complain about the lack of video monitoring, the court is unaware of any such constitutional right.

As no facts are alleged in the complaint that would suggest liability on the part of County, the claims against it are dismissed.

### IV.

### Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Bradley Harold Andrews, against Gilbert, Anderson, and County, in the above-captioned action be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED January 2, 2013.

JOHN McBRYDE
United States District Judge